UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE OF PEACE ENTERPRISES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL KOPING,<br><br>Defendant. | Case No. 2:25-mc-00122-DAD-CSK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR ORDER FOR SERVICE OF PROCESS BY REGISTERED PROCESS SERVER<br><br>(ECF No. 3) |

Pending before the Court is Plaintiff Prince of Peace Enterprises, Inc.'s Request for Order for Service of Process by Registered Process Server.[1] (ECF No. 3.) For the reasons stated below, Plaintiff's request is DENIED without prejudice.

Plaintiff requests that the Court appoint a registered process server "to serve writs of execution or issues and serve earnings withholding orders in" this action. (ECF No. 3.) The request is made in such general terms and without providing supporting authority, it is unclear to the Court the exact relief Plaintiff is seeking. As best as the Court can discern, Plaintiff appears to be requesting the appointment of a registered process server to levy execution on Defendant Michael Koping based on a money judgment. *See* ECF Nos. 1, 5.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

Federal Rule of Civil Procedure 69(a) governs the execution of money judgments. Rule 69(a) provides, in relevant part, the following:

> **Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution--must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Pursuant to Rule 69(a), post-judgment enforcement proceedings must comply with California law. *Credit Suisse v. U.S. Dist. Court for Cent. Dist. of California*, 130 F.3d 1342, 1344 (9th Cir.1997). "Under California law, a registered process server may levy under a writ of execution on property specified in California Code of Civil Procedure Section 699.080(a), and in accordance with the procedures in Sections 699.080(b)-(f)." *First Midwest Equip. Fin. Co. v. Aero Transp., Inc.*, 2022 WL 2359284, at *1 (E.D. Cal. June 30, 2022). Typically, however, district courts have required that the specific process server be identified so that the Court can determine whether the requested person is a registered process server. *Trs. of Operating Eng'r Pension Tr. v. Gaudenti & Sons Corp.*, 2022 WL 19296344, at *1 (C.D. Cal. Dec. 1, 2022) (citations omitted).

Here, Plaintiff has not specified what precisely it is requesting. Moreover, if Plaintiff is requesting that a process server be appointed to levy execution, it must identify the process server in order for the Court to make a determination as to whether or not the process server is registered. In addition, Plaintiff must also demonstrate that such an appointment is appropriate under California Code of Civil Procedure § 669.080. Accordingly, based on the deficiencies identified above, the Court denies Plaintiff's request without prejudice.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Request for Order for

/ / /

/ / /

/ / /

Service of Process by Registered Process Server (ECF No. 3) is DENIED without prejudice. Plaintiff may refile his request addressing the deficiencies identified above.

Dated: May 12, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, prin0122.22